GARCÍA & GONZÁLEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 819. Argued November 3, 1930.—Decided December 24, 1930.

*F. Navarro Ortiz* for appellant.

Mr. Justice Aldrey delivered the opinion of the Court.

In an action of debt prosecuted in the District Court of Guayama, a judgment by default was entered against the defendant and several properties of his, which had been attached, were sold in execution and adjudicated to the plaintiff. A marshal's deed having been executed, the registrar of property of that district refused to record it on the ground that the district court had not acquired jurisdiction of the defendant before rendering judgment because its order for the defendant to be summoned by publication had no legal validity.

The complaint was not verified, and the order for the publication of the summons was based on an affidavit filed by the plaintiff requesting the issuance of that order and stating that the defendant did not reside in this Island but in continental United States, in a city whose name was set forth, together with the street and number of the house where the defendant lived. The registrar also assigned in his refusal a curable defect, which has not been impugned in this administrative appeal.

In urging a reversal of the decision under review, the appellant maintains that the registrar has invaded the jurisdiction of the district court in an adversary civil proceeding and has attempted to nullify orders which are discretionary as to said court and lawfully made, and that he erred in ruling that the court did not acquire jurisdiction of the defendant.

It is provided by the second paragraph of section 18 of the Mortgage Law that registrars of property shall, under their responsibility, pass on all documents issued by judicial authorities for the sole purpose of admitting, suspending or refusing their admission to record or entry; and in commenting on that provision, we have stated on several occasions that their power in such cases does not extend to reviewing the grounds of judicial decisions, that is, the intrinsic justice or injustice thereof, or to ascertaining whether or not the evidence was sufficient; but we also have held that they may determine whether the judge had jurisdiction of the subject matter, the nature and effects of the decree, whether it was entered at the proper hearing, whether at such hearing the essential proceedings and rules for its validity were observed, and whether it contains all the facts which according to the Mortgage Law, are necessary to authorize the record. *Suárez v. Registrar,* 35 P.R.R. 676, and *Cintrón v. Registrar,* 35 P.R.R. 737. Therefore, the registrar could consider whether in the present case compliance had been had with all the requirements prescribed by law in regard to the summoning of the defendant by publication so as to acquire jurisdiction over his person; and if such requirements have not been complied with, it can not be said that the registrar is interfering with the discretionary power of the court to determine the sufficiency of the evidence introduced for that purpose.

Section 94 of the Code of Civil Procedure provides that when the person on whom the service is to be made resides out of the Island, and the fact appears by affidavit to the satisfaction of the court or a judge thereof, and it also ap-

pears by such affidavit or by the verified complaint on file that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a necessary or proper party to the action, such court or judge may make an order that the service be made by the publication of the summons.

In accordance with these provisions, and the complaint not having been verified, before an order for service of the summons by publication could be validly made, the affidavit filed by the plaintiff in this case must contain proper showing on two points, viz., that the defendant did not reside in the Island, and that a cause of action existed against him. The first of these requirements was complied with, but not so as to the second. For that reason, the court had no power to order that the service be made by publication of the summons and did not acquire jurisdiction over the person of the defendant nor any authority to sell his property. If both requirements had been satisfied, then the registrar could not have interfered with the finding of the court as to the sufficiency of the evidence on those points. Such, however, is not the case here.

The refusal to record must be affirmed.